UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| ANTHONY JOSEPH LACY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 2:23-cv-117-TAV-CRW |
| BUDDY DAVIS, JOSH DAVIS, MICHAEL ARNETT, TONYA DESTINY, ARNETT, TAYLOR WHITEHEAD, CHARLES ELSEA, and TERESA HAMPTON, | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This civil matter is before the Court on the Report and Recommendation ("R&R") entered by United States Magistrate Judge Cynthia R. Wyrick on December 7, 2023 [Doc. 13]. The R&R recommends that plaintiff's complaint be dismissed because the claims asserted therein lack sufficient legal merit [*Id.* at 4]. Further, even if plaintiff's claims were meritorious, the magistrate judge concluded that the Court lacks the authority to grant the relief plaintiff seeks, i.e., having defendant and his family members arrested [*Id.* at 5]. Plaintiff, proceeding *pro se* in this matter, filed a "Motion to Appeal Dismissal" [Doc. 15], and letter [Doc. 14], which the Court construes as objections to the R&R. As a result, the matter is now ripe for review. *See* E.D. Tenn. L.R. 7.1(a). For the reasons that

follow, plaintiff's objections [Docs. 14, 15] are **OVERRULED** and the Court **ACCEPTS** and **ADOPTS** the R&R [Doc. 13], in whole.

This Court reviews *de novo* those portions of a magistrate judge's report and recommendation to which a party objects, unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Smith v. Detroit Fed'n of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Mira*, 806 F.2d at 637 (internal quotation marks omitted). A general objection, in contrast to a specific objection, "has the same effect[ ] as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). In other words, a litigant must identify each issue in the report and recommendation to which the litigant objects with sufficient clarity such that the Court can identify it, or else that issue is deemed waived. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (stating that objections must go to "factual and legal" issues "at the heart of the parties' dispute").

The Court is mindful that because plaintiff is proceeding *pro se*, his pleadings should be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). But plaintiff's *pro se* status does not exempt him from the requirement of complying with

relevant rules of procedural and substantive law.  *See Felts v. Cleveland Hous. Auth.*, 821 F. Supp. 2d 968, 970 (E.D. Tenn. 2011).

In construing plaintiff's motion and letter objections to the R&R [Docs. 14, 15], the Court concludes that such objections are not proper.  In his "Motion to Appeal Dismissal," plaintiff claims, "Buddy Davis and his family are presently torturing [him] [sic] and threatening to kill my family – And he has my head monitor from my brain surgery and he has stalked me my entire life" [Doc. 15].  In his letter, he states, in part, "They will not give me a copy of my trust fund and are torturing me" [Doc. 14].  Such assertions do not direct the Court to the "portions of the magistrate's report that the district court must specially consider."  *Mira*, 806 F.2d at 637.  The Court cannot discern to which portion of the R&R plaintiff objects, or why he believes the magistrate judge's analysis or conclusions are incorrect.  *See Miller*, 50 F.3d at 380.  As a result, plaintiff's "objections" [Docs. 14, 15] are general objections that do not necessitate *de novo* review by the Court and are **OVERRULED**.  *See Mira*, 806 F.2d at 637.

Further, after a careful review of the matter, the Court agrees with the magistrate judge's recommendation.  Accordingly, the Court **ACCEPTS** and **ADOPTS** the R&R in whole [Doc. 13].  Plaintiff's complaint is **DISMISSED**.  The Clerk of Court is **DIRECTED** to **CLOSE** this case.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

3